**23JE-CC00689**

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| Christopher Prosser, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs. | ) ) | |
| Vs. | ) ) | No. |
| The CMI Group GP, L.L.C., a Texas Limited Limited Liability Company, Credit Management, LP, a Nevada Limited Partnership, and John and Jane Does 1 through 7, debt collectors for CMI and Credit Management, LP, and "Unknown Creditor," | ) ) ) ) ) ) | Complaint Class Action |
| Serve all Defendants through Registered Agent: CT Corporation 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136, | ) ) ) ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Christopher Prosser, appearing both individually and on behalf of all others similarly situated, by and through his attorney, brings this class action against The CMI Group GP, L.L.C., Credit Management, LP, and John and Jane Does 1 through 7, Collectors for CMI and Credit Management, LP, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### Nature of the Action

1.     This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

1

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,*132 S. Ct. 740, 745 (2012).

3.      Defendant's The CMI Group, LLC ("CMI"), and Credit Management, LP ("CML"), are a collection agency where they offer a service to their clients, such as the unknown creditor herein, to collect debts for past due bills of various origin.

4.      Defendant's John and Jane Doe 1 through 7, uses automated systems, auto dialers, and predictive dialers supplied by Defendant's CMI and CML to make outbound telemarketing and collection calls and texts messages to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the repayment of debts owed to CMI and CML clients.

5.      By doing so, Defendant's CMI, CML, and the Doe Defendants have violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and the TCPA when it contacted numbers on the Missouri and National Do Not Call Registry without their express written consent. Defendants have caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales, collections and other calls to their private residential phones.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing and collection calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

**THE PARTIES**

7.      Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Chris," or "Mr. Prosser") is an individual residing in this District.

8.      Since approximately February 8, 2022, Plaintiff has been the holder, with complete dominion and control, of a cellular telephone assigned the number ending in "8888."

9.      Plaintiff is, and at all times mentioned herein was a "subscriber" and "person" as defined by Mo. Rev. Stat. § 407.1095(2) and 47 U.S.C. §153(39).

10.      Defendant Credit Management, LP ("CML") is a Delaware Limited Partnership with its headquarters at 701 S. Carson St., Ste. 200, Carson City, NV 89701, whose registered agent for service of process is the CT Corporation, and is a company that makes telemarketing calls, or employs its employees, agents and vendors  to make telemarketing and debt collection calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, thereby establishing sufficient ties to Missouri to subject them to Missouri's Long Arm Statute.

11.      Upon information and belief, CML is in a business the primary purpose of which is to collect medical debt on behalf of hospitals, private physician practices, and hospital-based physician practices.

12.      Defendant The CMI Group, LLC ("CMI") is Texas based Limited Liability Company that makes telemarketing calls, or employs its agents and vendors to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its registered agent, CT Corporation located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, thereby establishing sufficient ties to Missouri to subject them to Missouri's Long Arm Statute.

3

13.     Upon information and belief, CMI is in a business the primary purpose of which is to collect medical debt on behalf of hospitals, private physician practices, and hospital-based physician practices.

14.     Defendants John and Jane Doe's ("John/Jane Does) 1 through 7 are unknown telemarketers, debt collectors, employees, agents or vendors of Defendant's CMI and CML the companies that make, oversee, control and ratifies telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries, just as it did with the Plaintiff.

15.     Defendant "Unknown Creditor" the identity of whom is not yet determined as Defendant's CMI, CML, and John and Jane Does 1 through 7 have withheld this information, albeit will be compelled to disclose in discovery and will be supplemented through a first amended complaint.

<u>Jurisdiction and Venue</u>

16.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has subject matter jurisdiction under 47 U.S.C. § 227.

17.     This Court has personal jurisdiction over Defendant's CMI, CML and the John and Jane Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant's CMI and CML which encourage, entice, condone, and ratify illegal collection based telemarketing calls into this District to persons on the no call lists. Moreover, the Defendant's have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendant's CMI and CML collections made in

4

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

Missouri, they send their products to Missouri and advertise in Missouri; the tortious acts complained of within this complaint occurred in Missouri and to a Missouri resident, thereby subjecting them to Missouri's long arm statute, Section 506.500.1. See *UMB Bank, N.A. v. Kraft CPAs, PLLC*, 2023 WL 3666879 (U.S. Dist. Ct, W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

18.     Venue is proper because the calls at issue were made into this District and/or from this District to a Missouri resident in this District and Missouri has a strong interest for providing a forum for torts committed against their residents in Missouri.

<u>STATEMENT OF FACTS</u>

19.     Plaintiff Prosser is the subscriber and the sole user of the cell phone number ending with xxx-xxx-8888.

20.     This number has been on the Missouri and National Do Not Call Registry since 2008 and was reregistered personally by the Plaintiff in February and May 2022.

21.     The number is not associated with any business.

22.     The number is for personal use.

23      On or about May 2, 2023, Plaintiff began receiving telephone calls to his private residential cellphone from Defendants CMI, CML, and John and Jane Does 1 through 7 regarding debts allegedly owed to the "Unidentified Creditor" by someone other than himself. At no time leading up to these calls had Plaintiff provided any named Defendant with his cellphone number or otherwise given the collective Defendant's his express written consent to call it.

24.     Upon answering the calls, Plaintiff was met with the various pauses, clicks, automated prompts, and so-called "dead air" that form the hallmarks of automatic telephone dialer use.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

25.    The Defendants then proceeded to engage in a debt collection script during each call.

26.    Despite this, and without Plaintiff's prior express written consent, Defendant's CMI, CML and Doe's 1 through 7, and their other agents, employees and/or vendors persisted and placed more than seven (7) telemarketing calls to Mr. Prosser beginning on December 30, 2022, when the first call was made from telephone number (314) 696-0749.

27.    Despite the fact that Plaintiff in on two no call lists and was not the party whom they were asking for and hung up, Defendant's CMI, CML and Does 1 through 7 continued making additional unsolicited telemarketing calls to the Plaintiff over the next six weeks or more on behalf of the Defendant's Unknown creditor/client.

28.    Each of the illegal telemarketing calls were condoned, encouraged, enticed, and ratified by Defendant CMI and CML as detailed supra:[1]

| | | |
|---|---|---|
| a. | 05/02/2023 | 3:33 pm |
| b. | 05/11/2023 | 12:29 pm |
| c. | 05/16/2023 | 4:26 am |
| d. | 05/18/23 | 9:05 am |
| e. | 05/30/23 | 1:08 pm |
| f. | 06/07/23 | 10:45 am |
| g. | 06/15/23 | 12:11 pm |
| h. | 06/22/23 | 11:56 am |

---

[1] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents verbally that they have the wrong number and his number is listed on the Federal and Missouri State do not call registries, and to Stop Calling! Yet they continue to deliberately violate Plaintiff's privacy and right to seclusion, and the protections afforded by both the code and statute and have now called and texted Plaintiff's private number listed on the federal no call registry more than 7 times.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

29.    During each call, through Doe's 1 through 7 telemarketer/debt collectors solicited Mr. Prosser to pay someone else's debt allegedly owed to the unknown creditor to Defendant's CMI and CML.

30.    The Doe Defendant's acting on behalf of Defendants CMI and CML persistently harassed, annoyed and violated the Plaintiff's rights to privacy and seclusion and wasted his time with each individual call even though he demanded the calls cease, and he is registered on the Federal and Missouri Do Not Call registry and has been for years prior to their unsolicited calls to his private, personal residential cell phone.

31.    Upon information and belief, Defendant's CMI, CML and the Doe Defendants obtained Plaintiff's number from the Unidentified Creditor, or through a third party electronic database during a skip-tracing process and failed to scrub the Plaintiff's number against the no call registries albeit they advertise that they scrub all numbers before dialing them.

32.    By effectuating these unlawful phone calls, Defendants CMI, CML, the Doe Defendants and the unknown creditor caused Plaintiff the very harm that Congress sought to prevent - a "nuisance and invasion of privacy," and right to seclusion.

33.    Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, caused him to incur provider fees, the depletion of his battery life, wear and tear on his phone equipment and by intruding upon Plaintiff's seclusion.

34.    Defendant's phone calls harmed Plaintiff by wasting his time.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

35.    Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

36.     Defendant's CMI, CML and Does 1 through 7' and the unidentified creditors' unlawful acts, as described above, were committed knowingly and willfully.

37.    In addition, the Unidentified Creditor knew or should have known CMI and CML's history as a serial TCPA violator. In fact, CML has been sued numerous times for violations of the TCPA and recently settled myriad cases.

38.    Despite this knowledge, Unidentified Creditor continues to use CMI and CML's services and, in doing so, continues to accept and retain the pecuniary benefits derived from CMI and CML's unlawful activities in illegally calling class members on the Missouri and Federal do not call registries.

39.    In addition to being strictly liable for CMI and CML's violations of the TCPA pursuant to the 2008 FCC Order, Unidentified Creditor's grant of actual authority and ratification of CMI and CML's continued and habitual TCPA violations subjects the Unidentified Creditor to vicarious liability under common law agency principles. See Restatement (Third) of Agency § 4.01(1) (2006) ("Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.").

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

40.     When contacted by the Plaintiff, Defendant's CMI and CML did not deny the calls or that they had disseminated Plaintiff's phone number to their agents, vendors, without his express written permission for the purpose of making collections calls to Plaintiff.

41.     Plaintiffs' privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described automated calls and the Plaintiff was severely annoyed, harassed and humiliated by the Doe debt collectors when he instructed them to stop calling his phone from the onset.

42.     The Plaintiff never provided his written consent to receive or requested these calls, nor have the Defendants provided Plaintiff with a copy of any express written consent by Plaintiff to receive the calls when contacted.

43.     Plaintiff and all members of the Class, defined below, have been harmed by the repeated acts of the Defendants because their privacy and right to seclusion has been violated, they were annoyed, harassed and caused other injuries, including incurring telephone service provider fees, wear and tear on his phone, damage and disruption to his phone's battery life, loss of utility of his phone and intrusion upon seclusion, privacy rights and other injuries and costs.

44.     Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

45.     In response to these unsolicited telephonic calls, Plaintiff filed this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Missouri No Call and Telemarketing Marketing laws, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

46.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

47.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

**THE MISSOURI NO-CALL LAW**

48.    Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

49.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2), and Plaintiff is  a residential subscriber.

50.    A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

51.    Defendant's calls and/or texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to their debt collection practices in violation of State and Federal Law.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

52.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

53.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

54.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

55.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

56.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

**Class Action Allegations**

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

57.     Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b)(2 and (b)(3), on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system, predictive dialing system, or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express written consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants in the course of their debt collection services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that engaged their debt collection activities services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her since May 2, 2019.

58.     A substantial number of the events which give rise to the claim occurred in Imperial, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of Jefferson County, Missouri. In the event the Defendants seek to remove this case to federal Court, the appropriate venue lies in the St. Louis Division of the United States District Court for the Eastern District of Missouri under Missouri's Long Arm Statute.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

59.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60.     Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents.

61.     The Classes are so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

62.     The Class as defined above are identifiable through phone records and phone number databases.

63.     The potential members of the Class number at least in the thousands.

64.     Individual joinder of these persons is impracticable.

65.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

66.     Plaintiff is a member of the Class.

67.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.     Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the MDNC, TCPA and applicable FCC regulations and orders;

b.     Whether each of the Defendants or their vendors and agents had prior express written consent to call MDNC and FDNC Class members;

13

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

c.     Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries;

d.     Whether Defendants systematically made telephone calls to members of the DNC Classes where Defendants did not have a current record of express written consent to make such telephone calls;

e.     Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.     Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

68.     The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

69.      Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

70.     Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

71.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

72.     Injunctive Relief is Appropriate: Based on information and belief, Defendants CMI, CML, Doe's 1 through 7, the unknown creditor and their other agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

73.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Violations of the MDNC Against All Defendants
### by Plaintiff Individually and on Behalf of the MDNC Class

74.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 as though set forth herein.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

75.     Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

76.     The Defendants acts and omissions of making seven or more calls to Plaintiffs private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

77.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

78.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

79.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic collection calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

80.     Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

81.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

$5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

   **WHEREFORE**, Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendant's CMI, CML, the Unidentified Creditor, and Does 1 through 7, for $5,000.00 per violation, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

**Count II**
**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**
**(On behalf of Plaintiff and the Robocall and ATDS)**

   82.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

   83.    The foregoing acts and omissions of Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

   84.    The foregoing acts and omissions of Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

   85.    The Defendant's violations were negligent, willful, or knowing.

   86.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each and every call made.

87.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

**COUNT III**
**Violations of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the DNC Class**

18

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87 as though set forth herein.

89.    47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

90.    The foregoing acts and omissions of Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone seven (7) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

91.    Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor violations were negligent, willful, or knowing.

92.    As a result of Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each and every call made.

93.    Plaintiff and members of the Class are also entitled to and do seek injunctive

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

relief prohibiting Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's CMI, CML, Does 1 through 7, and the unidentified creditor, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT IV

### Defendant's CMI, CML and Unidentified Creditor's Vicarious Liability

***COMES NOW***, Plaintiff and for his fourth cause of action against Defendant's CMI, CML, and the unidentified creditor states:

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

94.     Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

95.     For 27 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

96.     In 2013 the FCC explained again in detail that a corporate defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

97.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

98.     The FCC has **rejected** a narrow view of TCPA liability, including the assertion that liability requires a finding of ***formal agency*** and immediate direction and control over the

21

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019). It is enough that the individual defendants had a right to control or supervise the acts of other defendants to be vicariously liable.

99.     A connection exists between Defendant's CMI, CML, and the unidentified creditor herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's CMI, CML, and the unidentified creditor by the Doe Defendants so they could all profit from a common enterprise in which they all substantially participated of collecting the Unidentified Creditor's debts.

100.     "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

101.     Defendant Unidentified Creditor's acts and omissions of supplying the Plaintiff's phone number to all of their agents, telemarketers and vendors, Defendant's CMI, CML, Does 1 through 7, without Plaintiff's express written consent, and allowing them to unlawfully contact Plaintiff constitute multiple deliberate violations of both the DNC and MDNC.

102.     Defendant's CMI, CML, and  unidentified creditor are vicariously liable and responsible for the phone calls at issue because John and Jane Does 1 through 7  made or initiated the calls to Plaintiffs or they substantially participated, and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent and by providing Does 1 through 7 with the resources and equipment to make the unsolicited telemarketing calls.

103.     Defendant's CMI, CML, and the unidentified creditor is also further vicariously liable for the calls complained of by Plaintiff herein because they:

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

a)      authorized or caused Does 1 through 7 to initiate the phone calls or initiated the calls and texts themselves;

b)      directly or indirectly controlled the persons who actually made or initiated the calls or had the right to do so;

c)      allowed the collection representatives and independent agents access to information and operating systems within Defendants' control for the purpose of collecting the Unidentified Creditors debts, without which they would not be able to pursue their collections activities using robocalling, predictive dialing, automated dialing systems, texting, and direct dialing;

d)      Defendant's CMI, CML, and the unidentified creditor allowed the telemarketers, collections representatives and independent contracting agents to enter or provide consumer information into Defendants' operational systems;

e)      Defendant's CMI, CML, and the unidentified creditor approved, wrote, reviewed or participated in developing the telemarketing/collection scripts or had the right to do so;

f)      Defendant's CMI, CML, and the unidentified creditor knew or reasonably should have known or consciously avoided knowing that the actual telemarketers and agents were violating the law and Defendants failed to take effective steps within their power to require compliance and had the right to do so.

g)      Defendant's CMI, CML, and the unidentified creditor gave substantial assistance or support to Does 1 through 7 and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact the Does were engaged in acts or practices that violated the TCPA and MDNC and ratified each of the illegal calls.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

104.    Defendant's CMI, CML and the unidentified creditor by and through Doe's 1 through 7, apparently had authority to engage in the autodialing, predictive dialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted pitch the Defendant's CMI, CML and the unidentified creditor and its agents and employees would all profited from each and every dollar collected, thereby ratifying their illegal practice.

105.    Defendant's CMI, CML, and the unidentified creditor ratified the calls to Plaintiff described above because they accepted any potential benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, auto-dialed, predictive dialed, called, and texted consumers.

106.    As a direct and proximate result of the  seven (7) illegal solicitation calls by the above John and Jane Doe Defendants, as ratified by Defendant's CMI, CML and the unidentified creditor, Plaintiff and members of the class suffered the gross violation of their rights to privacy, solace and seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and tear on his phone equipment, loss of utility of his phone, and the degradation of his battery life, as well as suffered annoyance and frustration.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendant's CMI, CML and the unidentified creditor for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff further requests an award of his attorney fees, costs, and for such other and further relief as the court finds proper.

Electronically Filed - JEFFERSON - July 30, 2023 - 11:12 AM

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This 27th day of July, 2023.